IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON DUNCAN, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants | No. C-08-5486 MMC<br><br>**ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFING RE: DEFENDANTS BRIAN MCKENNA, DAVID LORD AND DAVID ROCHA'S MOTION TO DISMISS; CONTINUING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |

    Before the Court is defendants Brian McKenna, David Lord, and David Rocha's (collectively, "Union Defendants") "Motion to Dismiss Plaintiffs' Second Amended Complaint," filed March 24, 2009, as amended March 26, 2009.[1] Plaintiffs Don Duncan, James Nelson, and Andrew Storck have filed opposition, to which the Union Defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court, for the reasons stated below, finds it appropriate to afford plaintiffs leave to file a sur-reply and to continue the hearing on the motion, as well as the Case Management Conference.

    The Second Amended Complaint ("SAC") contains two claims for relief. In the First Claim for Relief, plaintiffs, who are firefighters employed by the Alameda County Fire Department ("ACFD"), allege the ACFD has violated the Fair Labor Standards Act by failing

---

[1] A fourth defendant, the County of Alameda ("the County") has filed an answer.

1 to pay plaintiffs overtime compensation for certain "travel time." (See SAC ¶ 23.) In the
2 Second Claim for Relief, plaintiffs allege a claim for breach of fiduciary duty against the
3 Union Defendants, who are officers of the International Association of Firefighters Local 55;
4 said claim is based on the allegation that the Union Defendants have "agreed to forego the
5 processing of grievances concerning denial of overtime claims for travel time not due to any
6 good faith doubt as to the viability of such claims, but from motives of self-interest." (See
7 SAC ¶ 37.)

8 In their motion to dismiss, the Union Defendants argue the Second Claim for Relief
9 is subject to dismissal for the reason plaintiffs do not allege they exhausted administrative
10 remedies applicable to a claim that a union has violated § 3506 of the California
11 Government Code and, further, that the deadline to exhaust such administrative remedies
12 has expired.[2] As plaintiffs point out in their opposition, however, plaintiffs do not allege a
13 claim under § 3506 against their union; rather, plaintiffs allege a common law breach of
14 fiduciary duty claim against union officials. In their reply, the Union Defendants clarify the
15 argument set forth in their moving papers, by asserting plaintiffs should not be allowed to
16 engage in "artful pleading," that the Second Claim for Relief is a "de facto claim against the
17 union itself," and that the allegations on which the Second Claim for Relief is based "fall[ ]
18 squarely within MMBA's [the Meyers-Milias-Brown Act] coverage," the Act in which
19 § 3506 is contained. (See Union Defs.' Reply at 2-3.) The Union Defendants' argument is,
20 in essence, that where a claim falls within the scope of § 3506, the exclusive remedy for
21 such claim is to bring a claim under the MMBA. Because plaintiffs did not have notice of
22 the Union Defendants' exclusivity argument until the filing of the reply, the Court will afford

---

[2]Section 3506 provides that "employee organizations shall not interfere with, intimidate, restrain, coerce or discriminate against public employees because of their exercise of their rights under section 3502." See Cal. Gov't Code § 3506. Section 3502 provides that "public employees shall have the right to form, join, and participate in the activities of employee organizations of their own choosing for the purpose of representation on all matters of employer-employee relations." See Cal. Gov't Code § 3502.

plaintiffs the opportunity to file a sur-reply limited to that issue.[3]

Accordingly, the Court hereby sets the following supplemental briefing schedule, and continues the hearing date, as well as the Case Management Conference:

1. No later than May 15, 2009, plaintiffs may file a sur-reply, not to exceed ten pages in length, limited to the issue of whether the sole remedy for a claim that a union official has failed to process a grievance is the remedy or remedies available under the MMBA.

2. The Union Defendants' response, if any, shall be filed no later than May 22, 2009, and shall not exceed five pages in length.

3. The hearing on the motion to dismiss is continued from May 8, 2009 to June 5, 2009, at 9:00 a.m.

4. In light of the pendency of the motion to dismiss, the Case Management Conference is continued from May 22, 2009 to July 17, 2009, at 10:30 a.m.; a Joint Case Management Statement shall be filed no later than July 10, 2009.

**IT IS SO ORDERED.**

Dated: April 30, 2009

MAXINE M. CHESNEY
United States District Judge

---

[3] In the alternative, the Union Defendants argue that plaintiffs have not pleaded sufficient facts to establish their standing to state a claim for breach of fiduciary duty. Although such issue has been fully briefed, the Court does not address it at this time, as the alleged deficiencies, even if found by the Court, are potentially curable.