**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON DUNCAN, et al., | No. C-08-5486 MMC |
| Plaintiffs, | **ORDER AFFORDING PARTIES LEAVE TO FILE SUPPLEMENTAL BRIEFING RE: DEFENDANTS BRIAN MCKENNA, DAVID LORD AND DAVID ROCHA'S MOTION TO DISMISS; CONTINUING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** |
| v. | |
| COUNTY OF ALAMEDA, et al., | |
| Defendants | |

Before the Court is defendants Brian McKenna, David Lord, and David Rocha's (collectively, "Union Defendants") "Motion to Dismiss Plaintiffs' Second Amended Complaint," filed March 24, 2009, as amended March 26, 2009.[1]  Plaintiffs Don Duncan, James Nelson, and Andrew Storck have filed opposition, to which the Union Defendants have replied.  Further, with leave of court, plaintiffs have filed a sur-reply, to which the Union Defendants have filed a response.  Having read and considered the papers filed in support of and in opposition to the motion, the Court finds it appropriate to afford the parties leave to file supplemental briefing, as discussed below.

The Second Amended Complaint ("SAC") contains two claims for relief.  In the First Claim for Relief, plaintiffs, who are firefighters employed by the Alameda County Fire Department ("ACFD"), allege the ACFD has violated the Fair Labor Standards Act by failing

---

[1] A fourth defendant, the County of Alameda ("the County") has filed an answer.

1  to pay plaintiffs overtime compensation for certain "travel time."  (See SAC ¶ 23.)  In the
2  Second Claim for Relief, plaintiffs allege a claim for breach of fiduciary duty against the
3  Union Defendants, who are officers of the International Association of Firefighters Local 55
4  ("Local 55"); said claim is based on the allegation that the Union Defendants have "agreed
5  to forego the processing of grievances concerning denial of overtime claims for travel time
6  not due to any good faith doubt as to the viability of such claims, but from motives of self-
7  interest."  (See SAC ¶ 37.)

8         The Union Defendants argue the Second Claim for Relief is subject to dismissal.  In
9  particular, the Union Defendants contend a plaintiff's sole remedy for an alleged failure to
10 properly represent a union member is to bring a claim for breach of the duty of fair
11 representation against the union itself.  As discussed below, the Union Defendants'
12 argument would appear to have merit.

13        A claim for breach of fiduciary duty brought by an employee of a public agency,
14 whether brought against the union or against a union official, is foreclosed where the union
15 owes a duty of fair representation to its members.  See Hussey v. Operating Engineers
16 Local Union No. 3, 35 Cal. App. 4th 1213, 1221 (1995) (holding there is "no authority" for
17 proposition that union owing "duty of fair representation" to its members owes additional
18 "independent" duty of fiduciary care).  Although no California statute "explicitly provide[s]"
19 that a union representing employees of a California public agency has a "duty to [its]
20 members of fair representation," courts imply such a duty where the union "acts as the
21 exclusive representative of its members."  See Jones v. Omnitrans, 125 Cal. App. 4th 273,
22 283 (2005); see also Lerma v. D'Arrigo Bros. Co., 77 Cal. App. 3d 836, 842 (1978) (holding
23 where union, by virtue of contract with public agency employer, was "exclusive bargaining
24 agent for the employer's workers," union owed duty of fair representation to its members).
25 Consequently, plaintiffs' claim for breach of fiduciary duty is foreclosed if Local 55 is the
26 //
27 //
28 //

exclusive bargaining representative of firefighters employed by the ACFD.[2]

In their response to plaintiffs' sur-reply, the Union Defendants state that Local 55 is the exclusive bargaining representative of the subject firefighters. In support of this statement, the Union Defendants request the Court take judicial notice of a document titled "Memorandum of Understanding Between International Association of Firefighters Local 55A and on Behalf of the Alameda County Fire Department" ("MOU"), as published on a website operated by Alameda County. The Court finds it appropriate to take judicial notice of the MOU for purposes of determining whether the parties thereto have agreed that Local 55 is the exclusive bargaining agent for persons employed in plaintiffs' unit.[3] See Diruzza v. County of Tehama, 206 F.3d 1304, 1310 n.3 (9th Cir. 2000) (taking judicial notice of contents of Memorandum of Understanding between employer and union for purposes of determining whether plaintiffs were covered employees thereunder).

The MOU provides that Local 55 is the "exclusive bargaining representative for all full-time permanent and probationary Firefighters, Engineers, Captains, and Fire Inspectors" (see MOU § 1); said MOU is "in effect from January 1, 2008 through June 30, 2011 (see MOU at 1). The conduct challenged in the SAC, however, appears to have occurred, at least in part, prior to January 1, 2008. (See SAC ¶¶ 23, 40.) Consequently, the MOU does not pertain to the entirety of the claims plaintiffs allege in their Second Claim for Relief.

Accordingly, the Court finds it appropriate to afford the parties leave to file supplemental briefing and to continue the hearing on the instant motion, as well as the initial case management conference, as follows:

---

[2] Although at least one state court has held that a union does not owe a duty of fair representation to public employees who do not join the union, see Andrews v. Board of Supervisors, 134 Cal. App. 3d 274, 283 (1982); see also Jones, 125 Cal. App. 4th at 284 n. 3 (noting public employees "may opt not to join" union and instead chose to "'represent themselves individually in their employment relations with the public agency'") (quoting Cal. Gov't Code § 3502)), plaintiffs do not allege they are not members of Local 55.

[3] Although the MOU refers to the local as "Local 55A," plaintiffs and the Union Defendants both refer to the local as "Local 55."

1. No later than June 12, 2009, the Union Defendants shall file a supplemental brief identifying a judicially-noticeable document, if one exists, establishing that Local 55 was, prior to January 1, 2008, the exclusive bargaining representative for firefighters employed by the ACFD.

2. No later than June 26, 2009, plaintiffs shall file any supplemental opposition, in which, if appropriate, they may challenge the Union Defendants' request for judicial notice, both as made in the Union Defendants' response to plaintiffs' sur-reply and as may be made in the Union Defendants' supplemental brief.

3. The hearing on the Union Defendants' motion to dismiss is hereby CONTINUED from June 5, 2009 to July 10, 2009.

4. In light of the pendency of the motion to dismiss, the initial case management conference is hereby CONTINUED from July 17, 2009 to August 14, 2009; a Joint Case Management Statement shall be filed no later than August 7, 2009.

**IT IS SO ORDERED.**

Dated: June 3, 2009

MAXINE M. CHESNEY
United States District Judge

4