IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON DUNCAN, et al., | No. C-08-5486 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS BRIAN MCKENNA, DAVID LORD AND DAVID ROCHA'S MOTION TO DISMISS; DISMISSING SECOND CLAIM FOR RELIEF WITH LEAVE TO AMEND; VACATING HEARING** |
| v. | |
| COUNTY OF ALAMEDA, et al., | |
| Defendants | |

Before the Court is defendants Brian McKenna, David Lord, and David Rocha's (collectively, "Union Defendants") "Motion to Dismiss Plaintiffs' Second Amended Complaint," filed March 24, 2009, as amended March 26, 2009.[1] Plaintiffs Don Duncan, James Nelson, and Andrew Storck have filed opposition, to which the Union Defendants have replied. Further, with leave of court, the parties have filed supplemental briefs. Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for determination on the parties' respective submissions, VACATES the hearing scheduled for August 7, 2009, and rules as follows.

The Second Amended Complaint ("SAC") contains two claims for relief. In the First Claim for Relief, plaintiffs, who are firefighters employed by the Alameda County Fire Department ("ACFD"), allege the ACFD has violated the Fair Labor Standards Act by failing

---

[1] A fourth defendant, the County of Alameda ("the County") has filed an answer.

to pay each plaintiff overtime compensation for certain "travel time." (See SAC ¶ 23.)[2] In the Second Claim for Relief, plaintiffs allege a claim for breach of fiduciary duty against the Union Defendants, who are officers of the International Association of Firefighters Local 55 ("Local 55"); said claim is based on the allegation that the Union Defendants have "agreed to forego the processing of grievances concerning denial of overtime claims for travel time not due to any good faith doubt as to the viability of such claims, but from motives of self-interest." (See SAC ¶ 37.)

**A. Exclusivity**

In their motion to dismiss, the Union Defendants first argue the Second Claim for Relief is subject to dismissal, for the asserted reason that a plaintiff's sole remedy for a union official's failure to properly represent a union member is to bring a claim for breach of the duty of fair representation against the union.

Although no California statute "explicitly provide[s]" that a union representing employees of a public agency has a "duty to [its] members of fair representation," courts imply such a duty where the union "acts as the exclusive representative of its members." See Jones v. Omnitrans, 125 Cal. App. 4th 273, 283-84 (2005) (holding where MOU between employer and union provided union was "exclusive representative" of employees for purposes of Step 3 of grievance procedure, union had duty of fair representation with respect to such representation). Further, a claim for breach of fiduciary duty brought by an employee of a public agency is foreclosed where the union owes a duty of fair representation to its members. See Hussey v. Operating Engineers Local Union No. 3, 35 Cal. App. 4th 1213, 1221 (1995) (holding there is "no authority" for proposition that union owing "duty of fair representation" to its members owes additional "independent" duty of fiduciary care).

Here, the Union Defendants assert, Local 55 is the exclusive bargaining representative of the subject firefighters. In support thereof, the Union Defendants request

---

[2] The "travel time" at issue herein pertains to the time spent by a firefighter traveling from his "normal duty station" to an "overtime duty station." (See SAC ¶ 21.)

the Court take judicial notice of the "Memorandum of Understanding [Between] International Association of Firefighters Local 55A and the Alameda County Fire Department," in effect from January 1, 2000 through December 31, 2007 ("2000 MOU"), and the "Memorandum of Understanding Between International Association of Firefighters Local 55A and the Alameda County Fire Department" in effect from January 1, 2008 through June 30, 2011 ("2008 MOU").[3] Plaintiffs agree the Court should take judicial notice of the 2000 MOU and the 2008 MOU,[4] and argue that, contrary to the Union Defendants' representations, neither MOU provides that Local 55 is the exclusive bargaining agent for purposes of pursuing grievances.

Each MOU contains the following section, titled Recognition:

> The County recognizes the Union as the exclusive bargaining representative for all full-time permanent and probationary Firefighters, Engineers, Captains, and Fire Inspectors in the Alameda County Fire Department.

(See 2000 MOU § 1; 2008 MOU § 1).

Each MOU also contains a section titled Grievance Procedure, which provides for a multi-step grievance process. The first step of the process set forth in the Grievance Procedure is for the employee to "discuss [the grievance] with his/her immediate supervisor and endeavor to work out a satisfactory solution in an informal manner with such supervisor." (See 2000 MOU § 19.D.1; 2008 MOU § 19.D.1.) If the first step is unsuccessful, the employee may then pursue several additional steps, culminating in an arbitration, and at each such step "shall have the right to consult with and be assisted by a representative of his/her own choice" (see 2000 MOU § 19.D.2; 2008 MOU § 19.D.2), the only restriction being that the employee may not be assisted by an agent of a union other

---

[3] Although the MOUs refer to the local as "Local 55A," plaintiffs and the Union Defendants both refer to the local as "Local 55."

[4] The Court grants the Union Defendants' unopposed request to take judicial notice of the MOUs. See, e.g., Diruzza v. County of Tehama, 206 F.3d 1304, 1310 n.3 (9th Cir. 2000) (taking judicial notice of contents of Memorandum of Understanding between employer and union for purposes of determining whether plaintiffs were covered employees thereunder).

than Local 55 (see 2000 MOU § 19.N; 2008 MOU § 19.N).

In sum, notwithstanding the general reference in § 1 of the MOUs to Local 55's being the "exclusive bargaining representative," an employee with a grievance may select any party to assist him, so long as the other party is not an agent of another union. Consequently, Local 55 is not, for purposes of pursuing grievances, the "exclusive bargaining representative" of ACFD firefighters. See Lane v. I.U.O.E. Stationary Engineers, Local 39, 212 Cal. App. 3d 164, 170 (1989) (finding union not "exclusive representative" of public agency employee, and thus owed no "formal duty of fair representation" to employee, where public agency civil service rule afforded employees right to "process their own challenges to disciplinary proceedings").

Consistent therewith, plaintiffs do not allege that Local 55, or any officer thereof, ever represented any plaintiff during a grievance proceeding. Indeed, with reference to the only explicit grievance identified in the SAC, plaintiffs allege that after plaintiff Andrew Storck's September 2007 claim for overtime compensation for "travel time" was denied by the ACFD, he pursued a written grievance "with the assistance of [p]laintiff Don Duncan." (See Compl. ¶¶ 32-33.)

Accordingly, the Union Defendants have failed to show the Second Claim for Relief is subject to dismissal on the asserted ground that plaintiffs' sole remedy is to bring a claim for breach of the duty of fair representation against Local 55.

**B. Standing**

The Union Defendants also argue that plaintiffs have failed to allege facts to support a finding that plaintiffs have been injured by the Union Defendants' alleged agreement with the ACFD not to process grievances by firefighters seeking overtime compensation for "travel time." As a consequence, the Union Defendants argue, plaintiffs lack standing to pursue the Second Claim for Relief.

In order to establish standing, a plaintiff (1) "must have suffered an injury in fact," (2) that is "fairly traceable to the challenged action of the defendant," and (3) and that "will be redressed by a favorable decision." See Lujan v. Defenders of Wildlife, 504 U.S. 555,

1 || 560-61 (1992) (internal quotations and alterations omitted).

Here, the SAC alleges that the ACFD, when calculating the number of compensable hours worked by firefighters, excludes the above-referenced "travel time," and that, as a result, the ACFD has denied each plaintiff his "full overtime compensation." (See SAC ¶¶ 22, 23, 28.) Although the SAC further alleges that each plaintiff was denied his "full overtime compensation" as a "proximate cause and result" of the Union Defendants' actions (see SAC ¶ 44), the SAC includes no allegations to support such conclusory allegation. Consequently, plaintiffs have failed to allege any facts to support a finding that the injury allegedly caused by the ACFD's failure to pay overtime compensation for "travel time" is fairly traceable to any act or omission on the part of the Union Defendants. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (holding complaint alleging "unadorned, the-defendant-unlawfully-harmed-me accusation" insufficient to state claim).

In their opposition, plaintiffs, referencing their allegation that plaintiff Andrew Storck filed a grievance after he was denied overtime compensation for "travel time" (see Compl. ¶¶ 30, 31, 33), argue the "failure of Local 55 to pursue [p]laintiff Storck's grievance is a separate injury" from the injury caused by the ACFD's alleged failure to pay overtime compensation (see Pl.'s Opp., filed April 17, 2009, at 4:6-8). As discussed above, however, plaintiffs have shown that Local 55 is not the firefighters' exclusive representative for purposes of pursuing grievances. Although a union nonetheless could assume voluntarily a duty to pursue a particular grievance, see, e.g., Lane, 212 Cal. App. 3d at 170-74, plaintiffs have failed to allege any facts to support a finding that the Union Defendants assumed such a duty on behalf of Storck or any other plaintiff.

Accordingly, the Second Claim for Relief is subject to dismissal for the reason plaintiffs have failed to allege any facts to support a finding they have standing to seek relief from the Union Defendants.

//
//
//

5

**CONCLUSION**

For the reasons stated above, the Union Defendants' motion to dismiss is hereby GRANTED, and the Second Claim for Relief is hereby DISMISSED with leave to amend.

Plaintiffs shall file any Third Amended Complaint no later than August 21, 2009.

**IT IS SO ORDERED.**

Dated: August 4, 2009

_____
MAXINE M. CHESNEY
United States District Judge