IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON DUNCAN, et al., | No. C-08-5486 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE CLASS ALLEGATIONS; VACATING MARCH 5, 2010 HEARING** |
| v. | |
| ALAMEDA COUNTY FIRE DEPARTMENT, | |
| Defendant / | |

Before the Court is defendant Alameda County Fire Department's "Motion to Dismiss (FRCP 12(b)(6)) or, in the Alternative, Motion to Strike Class Allegations in Third Amended Complaint," filed January 26, 2010. Plaintiffs Don Duncan, James Nelson, and Andrew Storck have not filed a response. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on the moving papers, VACATES the hearing scheduled for March 5, 2010, and rules as follows:

1. To the extent the motion seeks an order dismissing the Third Amended Complaint ("TAC") for failure to prosecute, the motion is hereby DENIED for the following reasons. First, although plaintiffs did not file a motion for class certification by the November 20, 2009 deadline (see Order, filed November 9, 2009), such failure to file does not constitute a failure to prosecute, but, in effect, a determination by plaintiffs that they will proceed only with their individual claims. Second, assuming plaintiffs have failed to serve initial

disclosures,[1] any such failure would not, on the showing made, warrant the ultimate sanction of dismissal. Rather, pursuant to Rule 26(a)(3)(A) of the Federal Rules of Civil Procedure, defendant may move to compel and for appropriate sanctions in connection with such motion. See Henderson v. Duncan, 779 F. 2d 1421, 1423 (9th Cir. 1986) (holding "[d]ismissal is a harsh penalty and is to be imposed only in extreme circumstances"; directing district court to consider "availability of less drastic sanctions" before dismissing action for failure to prosecute).

2. To the extent the motion seeks an order dismissing the TAC for failure to state a cognizable overtime claim, the motion is hereby DENIED.[2] Contrary to defendant's argument, the TAC alleges each plaintiff has worked overtime for which he was not compensated. (See TAC ¶¶ 4-6, 18-20.) Further, although defendant asserts that plaintiffs were "fully compensated" for the "drive time" at issue herein (see Def.'s Mem. of P. & A. at 4:25-26), such assertion is contradicted by the TAC, which is assumed true for purposes of the instant motion. See Hal Roach Studios v. Richard Feiner & Co., 896 F. 2d 1542, 1550 (9th Cir. 1990) (holding, for purposes of motion for judgment on the pleadings, "allegations of the non-moving party must be accepted as true").

3. To the extent the motion seeks an order dismissing the claims made on behalf of plaintiff James Nelson on the ground the statute of limitations on any such claim had run before such claim was filed, the motion is hereby DENIED, as the motion is solely based on material outside the pleadings, specifically, a declaration. See id. (holding "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue").

//

---

[1] In its motion, defendant asserts that plaintiffs have failed to "file" initial disclosures. (See Def.'s Mem. of P. & A., filed January 26, 2010, at 3:12-14, 4:8-9.) Plaintiffs are not, however, required to file initial disclosures, but, rather, to serve them on defendant. See Fed. R. Civ. P. 26(a).

[2] Because "the pleadings are closed," in that defendant has filed an answer to the TAC, the Court construes this portion of the motion as a motion for judgment on the pleadings. See Fed. R. Civ. P. 12(c).

2

4. To the extent the motion seeks an order striking the class action allegations in the TAC, the motion is hereby GRANTED, for the reason plaintiffs have not filed a motion for class certification within the time set forth by the Court. As a result, the instant action will proceed solely on the individual claims of the three named plaintiffs.

**IT IS SO ORDERED.**

Dated: February 25, 2010

MAXINE M. CHESNEY
United States District Judge