IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON DUNCAN, et al., | No. C-08-5486 MMC |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; VACATING APRIL 23, 2010 HEARING** |
| v. | |
| ALAMEDA COUNTY FIRE DEPARTMENT, | |
| Defendant / | |

Before the Court is defendant Alameda County Fire Department's Motion for Summary Judgment, filed March 19, 2010. Plaintiffs Don Duncan, James Nelson, and Andrew Storck have not filed a response.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision on the moving papers, VACATES the hearing scheduled for April 23, 2010, and rules as follows:

1. For the reasons stated by defendant, the Court finds defendant is entitled to summary judgment on the merits of plaintiffs' claims, brought pursuant to the Fair Labor Standards Act ("FLSA"), that they are entitled to overtime payments. In particular, defendant has offered evidence, undisputed by plaintiffs, that, contrary to plaintiffs' allegation (see Third Amended Complaint ("TAC") ¶ 19), defendant does not exclude the

---

[1] Under the Local Rules of this District, opposition was due no later than April 2, 2010. See Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 21 days before hearing date).

time to travel from one duty station to another when calculating the number of hours worked by a firefighter (see Lord Decl. ¶ 7).  Further, defendant has offered evidence, undisputed by plaintiffs, that, contrary to plaintiffs' allegations (see TAC ¶ 20), plaintiffs have been paid overtime for all "overtime hours" logged into defendant's system (see Hisatomi Decl. ¶¶ 5-10).[2]

2. For the reasons stated by defendant, the Court finds, with respect to the claims for overtime brought on behalf of plaintiff James Nelson ("Nelson"), defendant is entitled to summary judgment for the additional reason that Nelson's claims are barred by the applicable three-year statute of limitations.  See 29 U.S.C. § 255(a) (providing cause of action alleging willful violation of FLSA is subject to three-year statute of limitations).  In particular, defendant has offered evidence, undisputed by plaintiffs, that Nelson retired on December 20, 2003 (see Hisatomi Decl. ¶ 3, Ex. A), which date is more than three years prior to December 5, 2008, the date on which plaintiffs filed their initial complaint.

Accordingly, defendant's motion for summary judgment is hereby GRANTED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  April 7, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] On one occasion in 2007, defendant Andrew Storck initially was not paid for 0.5 hours of claimed overtime, but thereafter was paid for such time when the matter was brought to defendant's attention.  (See Lord Decl. ¶ 6.)